# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUAN AND DIANA MORALES, JR.** | : | **DOCKET NO. 06-0241** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand [doc. # 11].

On October 31, 2005, Juan and Diana Morales, Jr. filed the instant petition for declaratory judgment against Republic Fire and Casualty Insurance Company in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. The suit seeks a judgment invalidating the 5 % named storm deductible on their homeowners' insurance policy issued by Republic. (*See*, Petition). The petition included a statement that plaintiffs' claims were less than $ 75,000 in the aggregate and that only state law causes of action were involved. (Petition, ¶ 11).

However, in a January 11, 2006, letter to Republic, plaintiffs' counsel demanded payment of $ 50,067.87 for additional losses suffered by plaintiffs due to Hurricane Rita. (Def. Exh. 2). If payment was not received within 30 days, plaintiffs' counsel advised that suit would be filed, including claims for attorney's fees and penalties under La. R.S. 22:658 and/or 22:1220. *Id*. The letter further stated that "[a]ny suit in this matter will include a claim to impose upon the insurer the stated numerical deductible set forth in the declarations page, as opposed to the so-called hurricane deductible of 5%." *Id*.

Seizing upon this correspondence as an "other paper from which it may first be ascertained that the case is one which is or has become removable," Republic removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1446(b) & 1332. Plaintiffs dispute that the amount in controversy exceeds $ 75,000, and on March 10, 2006, filed the instant motion to remand. The motion further seeks the award of costs and attorney's fees to "punish" the defendant's behavior and to compensate plaintiffs for having to respond to the "frivolous" removal. 28 U.S.C. § 1447(c). (*See*, Pl. Memo.). The briefing period is now closed, and the matter is before the court.

Discussion

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim is less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id.* Here, plaintiffs have specifically alleged that their claims do not exceed $ 75,000. (Petition, ¶ 11). This allegation creates a presumption that the federal jurisdictional threshold has not been breached. *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995). However, a removing defendant can overcome this presumption by establishing by a preponderance of the evidence that the amount in controversy is greater than the federal jurisdictional minimum. *Id.*[1] A removing defendant can establish the

---

[1] "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiffs do not argue that it is legally certain that their claim is for less than the jurisdictional minimum. *See,*

2

amount in controversy in one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Allen, supra*.[2]

Defendant argues that the deductible issue is inseparable from a loss claim asserted under the policy. (Opp. Memo. pgs. 6-7). Defendant further argues that the question of a deductible does not become an issue until a claim is made on the insurance policy. *Id*. However, defendant's argument overlooks the unequivocal language of plaintiff's petition. First, plaintiff's petition is entitled "Petition for Declaratory Judgment" and it seeks a judgment *declaring* the named storm deductible invalid. The petition contains no claims for money damages; rather the maximum object of the litigation is $ 6,415.00 – the amount of the deductible that plaintiffs are challenging.[3] If defendants are correct, then perhaps the petition is subject to an exception of prematurity. However, that is an issue properly raised before the state court upon remand.

When the January 11, 2006, correspondence is compared to the petition for declaratory judgment it is manifest that the correspondence was not addressing the amount in controversy in

---

*DeAguilar, supra*.

[2] However, when a case is subject to removal under the second paragraph of section 1446(b), the information supporting removal must be "unequivocally clear and certain" before the removal clock will start. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002). This reduces "protective" removals by defendants faced with an equivocal record. *Id*.

[3] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

the instant suit, because the instant suit does not seek policy proceeds or damages. It is not evident how the January 11, 2006, letter could amend plaintiff's petition to add additional claims and remedies. Moreover, the letter states that suit "*will be filed* for this sum," if payment was not received. (Def. Exh. 1)(emphasis added). Thus, suit had not yet been filed on that claim. Finally, we emphasize that plaintiffs' counsel has represented that the January 11, 2006, letter ". . . was not then, and will not in the future, become a part of the Plaintiffs' declaratory judgment action." (Pl.Memo., pg. 2).

Having said that, plaintiffs' letter includes language that could cause confusion (as it apparently has). For instance, "[a]ny suit in this matter will include a claim to impose upon the insurer the stated numerical deductible set forth in the declarations page, as opposed to the so-called hurricane deductible of 5%." (Def. Exh. 1). Since one suit had already been filed challenging the deductible, it could be concluded (albeit erroneously) that the policy proceeds claim had been joined in the same suit. Accordingly, the removal was objectively reasonable. *Martin v. Franklin Capital Corp.* ____ U.S. ____, 126 S.Ct. 704 (2005).[4]

In sum, removing defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional threshold. Accordingly, we lack subject matter jurisdiction and remand is required. 28 U.S.C. §§ 1332 & 1447(c). For the foregoing reasons,

---

[4] Perhaps this removal was motivated out of an overabundance of caution following the decision in *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000). However, in *Addo*, unlike here, the correspondence clearly addressed the existing suit.

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. #11] be GRANTED.

IT IS FURTHER RECOMMENDED that plaintiffs' request for costs, expenses, and/or fees be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of April, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE